UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY MALONE, | ) | NO. EDCV 07-1325-SS |
|         Plaintiff, | ) | |
|    v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
|         Defendant. | ) | |

Plaintiff Jimmy Malone ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter "Defendant," "Commissioner," or the "Agency") denying his application for Disability Insurance Benefits and Supplemental Security Income Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed on July 31, 2008. For

the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## PROCEDURAL HISTORY

On April 2, 2002, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI"). (Administrative Record ("AR")54). He alleged that his disability began on July 1, 1998. (Id.). Plaintiff indicated that he was unable to work due to back injuries, knee injuries liver damage and hepatitis C. (AR 63). Additionally, Plaintiff alleged impairments related to stress and an injured left wrist. (AR 30, 78).

The Agency denied Plaintiff's application for SSI benefits initially and upon reconsideration. (AR 30-33, 35-39). Plaintiff then requested a hearing by an Administrative Law Judge ("ALJ"), which was held on October 30, 2003. (AR 40). A hearing was held before ALJ James S. Carletti. (AR 182-201). On December 23, 2003, the ALJ issued a decision denying benefits. (AR 10-22). Plaintiff then sought review of the ALJ's decision before the Appeals Council. (AR 3-5).

On March 8, 2003, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (AR 3-5). Plaintiff then commenced a civil action in this Court on April 16, 2004. On March 25, 2005, this Court reversed and remanded the ALJ decision for failing to further develop the record by obtaining a missing MRI of the Plaintiff's lumbar spine and to further consider the opinion of Dr. Blaylock, Plaintiff's treating

physician. Accordingly, the Appeals Council ordered a new hearing, which was held on January 24, 2007. (AR 273-74).

The new hearing was held before ALJ Mason Harrell. (AR 434-469). Plaintiff was represented by counsel and testified on his own behalf. Additionally, Sami Nafoosi, M.D., a medical expert, and Sandra Fioretti, a vocational expert, testified at the hearing.

On March 6, 2007, the ALJ issued an unfavorable decision, finding Plaintiff capable of performing his past relevant work. (AR 218). Plaintiff sought review of this decision before the Appeals Council. (AR 207). The Appeals Council denied the request for review and Plaintiff commenced the instant action on October 16, 2007.[1]

**FACTUAL BACKGROUND**

Plaintiff was born on March 23, 1951 and was fifty-five years old at the time of the hearing. (AR 214). He has a tenth grade education. (AR 185). Plaintiff had previous work experience as a carpet cleaner and general laborer before the alleged onset of his disability. (Id.). Plaintiff alleges that his disability began on July 1, 1998. (AR 54). He had previously been approved for SSI benefits in August 2000, which he received until October 4, 2001, after his benefits were terminated

---

[1] In the original complaint Plaintiff made claim for both Supplemental Security Income and Disability Benefits, as opposed to the present instance where the Plaintiff is solely appealing the denial of Supplemental Security Income. (See Jt. Stip at 2).

3

twice when he was sent to prison on an outstanding warrant.[2] Plaintiff suffers from hepatitis C and lumbar spondylosis. (AR 193). He asserts that he is disabled as a result of hepatitis C, emotional strain and pain in his back, knee and left wrist. (AR 30, 63, 78). Plaintiff has not engaged in substantial gainful activity since applying for SSI benefits in March 2002. (AR 11).

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[3] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

---

[2] A discrepancy exists between the ALJ judges determinations of Plaintiff's incarceration dates, however, this does not impact this Court's decision.

[3] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

    (1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

    (2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

    (3)   Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

    (4)   Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

    (5)   Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. § 416.920(b)-416.920(f)(1).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett).  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the

Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[4] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 416.920(f)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process discussed above. At the first step, the ALJ indicated that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability. (AR 213). Second, the ALJ found that Plaintiff suffers from a disorder of the lumbar spine, chronic obstructive pulmonary disease, and hepatitis C. (Id.).

In making this determination, the ALJ gave little weight to Dr. Blaylock's opinions and more weight to the opinions of Dr. Nafoosi

---

[4] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents assessments " based on all relevant evidence." 20 C.F.R. § 416.945(a).

because Plaintiff's treating physician's opinions were found to lack support in medical evidence and were not consistent with the totality of the evidence. (AR 218).

At the third step, the ALJ found that Plaintiff's impairments did not meet or equal any of the impairments appearing in the "Listing of Impairments" set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 214). In the fourth step of his analysis, the ALJ weighed the medical evidence and the claimant's own description of his activities of daily living in determining Plaintiff's residual functional capacity. (Id.). The ALJ incorporated the limitations prescribed by the vocational expert, and found that Plaintiff could perform a limited range of light exertion. (Id.).

Having addressed Plaintiff's functional limitations, the ALJ found that Plaintiff is capable of performing his past relevant work. (AR 218). Thus, the ALJ determined that Plaintiff has not been under a disability any time through the date of the decision.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by: (1) failing to properly consider his treating physician's opinion, (2) improperly concluding that the Plaintiff does not require the use of a cane, and (3) failing to pose a complete hypothetical question to the vocational expert. The Court agrees. Upon remand, the ALJ must consider all of Plaintiff's treating records. The ALJ must include the limitations supported by the medical evidence when the ALJ evaluates Plaintiff's residual functional capacity. Finally, the ALJ must pose a hypothetical that more accurately describes Plaintiff's limitations to a vocational expert.

\\
\\
\\

8

**A.   The ALJ Failed To Properly Consider All The Relevant Medical Evidence and, In Particular, Failed to Provide Give Proper Weight To The Treating Physician's Opinions**

Plaintiff contends that the ALJ did not give the proper weight to his treating physician's opinion. (Jt. Stip. at 3).  Although the ALJ acknowledges Plaintiff suffers from lumbar spondylosis, the ALJ's opinion fails to give sufficient weight to the treating records that document Plaintiff's severe and constant back pain.  These records reflect constant and on-going serious treatment for Plaintiff's back pain.  At times, the records describe his problems as "chronic back pain" (AR 120, 131) "constant pain" (AR 115), "back pain radiates to back of right leg" (AR 330) and "not well controlled." (AR 338).  His pain level, on a ten point scale was described as a "10/10." (AR 121, 338, 340).  His treating doctors repeatedly prescribed him Tylenol 4 and Vicodin, for many years.  (AR 178, 330, 334, 343).  Plaintiff reported to his doctor that he experienced difficulty walking due to back pain. (AR 177, 334).

The degree of obviously limiting pain described by these treating doctors is inconsistent with the findings of the consultative examinations.  For example, in October 2003, Plaintiff's treating doctor found Plaintiff to be limited to exertion that would be less than sedentary exertion due to his back impairment.  (AR 167-169). While agreeing that Plaintiff has a disorder of the lumbar spine, Dr. Nafoosi nevertheless testified that Plaintiff's consultative examinations were normal. (AR 214, 447). Additionally, there is conflicting evidence

regarding Plaintiff's use of a cane to ambulate. There are several references in the record to Plaintiff's use of a cane to ambulate. (AR 353 ("Pt. uses cane to ambulate"), 404, 442). Dr. Nafoosi's testimony indicates that it would be reasonable for a treating doctor to prescribe a cane. However, Dr. Nafoosi also testified that the objective evidence does not support the use of a cane. (AR 449). The Court finds this statement puzzling, as it is unclear why it would be both reasonable for a doctor to prescribe a cane and yet objective evidence would not support use of a cane. More importantly, the medical evidence appears to indicate that Plaintiff often used a cane to ambulate. Thus, the ALJ should have included this limitation in his evaluation of Plaintiff.

Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id. The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

The Court finds that the ALJ failed to provide specific, legitimate reasons for disregarding the treating doctors' opinions here. Moreover, to the extent there was a conflict between the treating doctors' evaluations of Plaintiff and the consultative doctor's evaluation, the conflict was not resolved by the ALJ. Plaintiff received serious, long

term and continuous treatment for his back pain, as demonstrated by the repeated prescription of Tylenol 4 and Vicodin. Neither the ALJ nor the consultative doctor addressed the impact these medications would have on Plaintiff's ability to work. Nor did the ALJ give resolve the conflict over Plaintiff's use of a cane to ambulate. As the ALJ did not give proper weight to the treating records and resolve the conflicts between those records and the consultative doctor's evaluations, the case must be remanded. Upon remand, the ALJ is directed to consider all the evidence of record.

### B. The ALJ's Hypothetical Was Incomplete

An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Osenbrock v. Apfel, 248 F.3d 1157, 1164-65 (9th Cir. 2001). The hypothetical posed by the ALJ to the vocational expert did not accurately describe Plaintiff's chronic and severe back pain, his advanced age, side effects from his medications such as Vicodin (there are several reports of drowsiness in the records) or Plaintiff's need to use a cane to ambulate. (AR 461-462). Upon remand, any hypothetical posed to a vocational expert must include all of Plaintiff's limitations that are supported by the medical evidence.

\\
\\
\\
\\
\\

**CONCLUSION**

Consistent with the foregoing, IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative hearings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 17, 2008.


\_\_\_\_/ S /_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE